UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
```
                                                :
KIM L. VICTOR,                                  :    CASE NO. 1:14-CV-02600
                                                :
        Plaintiff,                              :
                                                :
vs.                                             :    OPINION & ORDER
                                                :    [Resolving Doc. No. 1]
STATE OF OHIO,                                  :
                                                :
        Defendant.                              :
                                                :
```
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Kim L. Victor filed this action under 42 U.S.C. §§ 1983 against the State of Ohio. In the Complaint, Plaintiff challenges his 2012 traffic conviction for speeding. Plaintiff asks this Court to vacate his conviction.

**I. Background**

Plaintiff was stopped by an Ohio Highway Patrol Officer on June 17, 2011 and was given a speeding ticket for traveling 76 mph in a 50 mph zone. He appeared in the Sandusky Court of Common Pleas and contested the ticket. Eventually, he entered a plea of no contest and on March 8, 2012, he was fined $35.00 and assessed court costs in the amount of $114.00. He appealed his conviction to both the Ohio Sixth District Court of Appeals and to the Ohio Supreme Court; however, his conviction was affirmed.

Plaintiff has now filed a civil rights action to contest his conviction of the moving violation. He claims there was a manifest injustice because the prosecutor was permitted to

introduce evidence to sustain his conviction. He claims the prosecutor did not comply with his discovery requests in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). He contends he was denied a jury trial when he pled no contest. Finally, he states that the Supreme Court of Ohio denied his late filing of a Memorandum of Jurisdiction. He asks this Court to vacate his traffic conviction.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple

recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

Plaintiff filed a civil rights action to challenge his conviction and asks this Court to vacate that judgment. This Court cannot grant the relief he requests. When a plaintiff challenges the very fact of his conviction or the duration of his sentence his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A Complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a Petition for Writ of Habeas Corpus if the Plaintiff essentially challenges the legality of his conviction even if the Plaintiff's remedy under 28 U.S.C. § 2254 is foreclosed. *Id.* Habeas corpus is a narrow remedy. It is available only to one who is "in custody" in violation of the United States Constitution. Plaintiff is not "in custody." He was fined $35 plus court costs. Nevertheless, Plaintiff cannot proceed under 42 U.S.C. § 1983 to obtain reversal of his 2012 conviction.

Moreover, to the extent Plaintiff believes he can file an appeal of that decision to this federal court when he has exhausted the appellate process in the state court, he is mistaken. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking

what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012). This District Court lacks subject matter jurisdiction to review the state court's judgment in the Plaintiff's traffic case.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed under 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Dated: June 8, 2015                    *s/         James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.